# Mosholder *v.* United Real Estate & Coal Co., Appellant.

*Judgment—Striking off judgment — Confessed judgment — Estoppel of record—Res judicata—Signature to contract.*

1. A judgment entered by confession under a warrant of attorney contained in a contract will not be stricken off on the ground that

the contract had not been signed by defendant; where it appears on a previous rule to open the judgment, which had been discharged, that all of the parties had treated the original contract as if it contained a properly signed power of attorney to confess a judgment, and defendant had attached to its petition to open what it averred to be a correct copy of the original contract showing its execution thereof.

2. All the more is the court justified in refusing to strike off the judgment, where it appears that it had been entered on a copy of the contract not having thereon the signature of defendant, but that, in answer to the rule to strike off plaintiff averred (without denial) that, on the taking of depositions in support of the rule to open, defendant had offered the original of said contract, executed by defendant, and subsequently had refused, although requested, to produce said original contract so that it might be filed of record.

Argued April 29, 1924. Appeal, No. 3, Oct. T., 1924, by defendant, from order of C. P. Cambria Co., March T., 1922, No. 100, discharging rule to strike off judgment, in case of Mary Mosholder v. United Real Estate & Coal Company. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Rule to strike off confessed judgment. Before MC-CANN, J.

The opinion of the Supreme Court states the facts.

Rule discharged. Defendant appealed.

*Error assigned* was order, quoting record.

*W. A. Maguire,* with him *Stephens, Stephens & Glass,* for appellant.

*Frank P. Barnhart,* for appellee, was not heard.

PER CURIAM, May 19, 1924:

Defendant petitioned the court below to open a confessed judgment, which it refused to do; defendant then

entered a rule to strike off the judgment, and, on its discharge, took the present appeal.

The record before us shows all the proceedings leading up to the orders above stated, but defendant assigns for error only the refusal to strike off, finding no fault with the refusal to open the judgment.

In the petition to open, defendant admits it "entered into" the contract containing the warrant by virtue of which the judgment was confessed, alleging, however, that it was not in default "under the terms of said agreement," and adding, it was ready to "carry out its part of said agreement." Furthermore, defendant attached to this petition, what it averred to be a "true and correct copy" of the agreement in question, and this shows a contract in writing duly executed by plaintiff, her husband (since deceased), and defendant corporation.

Defendant's petition in support of its application to strike off the judgment, while studiously avoiding an averment that it had not executed the original contract, and while making no effort to explain away the prior admissions (in the petition to open) that it had in fact executed such document, states that "the paper attached to plaintiff's statement contains the alleged power of attorney to confess judgment, but is not signed by defendant"; and, on this evasive averment, it asks that the judgment and all "proceedings subsequent thereto" be stricken from the record. Defendant's petition calls attention also to the following rule of the court below: "Every confession of judgment, on a warrant of attorney, shall be accompanied by the original note or bond, which shall be filed in the case."

In its opinion supporting the order assigned as error, the court below correctly says: "Since there has been an admission of record that the agreement was signed by the defendant, [it] is estopped from denying the power of attorney......[Though by] attaching a copy [instead of the original] of the instrument containing the power of attorney [in which copy the name of de-

fendant, at the foot thereof, was left off], a technical failure to comply with the rule of court [appears], it is such a defect as [under the circumstances of this case] might be waived by the court." Then this passage, of at least explanatory significance, occurs: "All the parties treated the original agreement as if it contained a properly signed power of attorney to confess a judgment and there is nothing, either in the testimony or upon the record, to show that the original agreement was not signed by all the parties."

The answer to the rule before us on this appeal avers that "at the time of taking depositions, defendant offered an original of said agreement, which was signed by plaintiff and also by defendant, said offer being......admitted by the commissioner before whom the testimony was being taken"; further, "that......counsel for plaintiff demanded of defendant......that said original be produced, so the same might be filed of record, but counsel for defendant failed and refused to produce said original." We find no denial of these statements in the record.

The order appealed from is affirmed.